Arnold **FAIRBANK**, an individual, d/b/a Arnold Fairbank Cattle Company and Arnold Fairbank Cattle Co., Inc., a California corporation, Petitioners,

v.

Clifford M. **HARDIN**, Secretary, United States Department of Agriculture and United States of America, Respondents.

No. 23705.

United States Court of Appeals, Ninth Circuit.

May 8, 1970.

Rehearing Denied June 17, 1970.

Donald L. Bowman (argued), Vienna, Va., John A. Morrow, Jr., El Centro, Cal., for petitioners.

Raymond W. Fullerton (argued), Atty., Dept. of Agriculture, Wm. D.

**266**

Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Charles W. Bucy, Dept. of Justice, Washington, D. C., for respondents.

Before BARNES, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

After a public hearing, held under the provisions of the Packers & Stockyards Act, 7 U.S.C. § 181 et seq., the respondent Secretary[1] found and concluded that Arnold Fairbank, d/b/a Arnold Fairbank Cattle Company, the respondents in the administrative proceeding, willfully violated 7 U.S.C. §§ 213(a) and 221 and Regulations 9 C.F.R. §§ 201.46 and 201.55 by: (1) selling livestock at false weights, (2) issuing invoices to the purchasers showing the false weights, (3) collecting payments from the purchasers on the basis of the false weights, (4) making copies of the false invoices a part of the records of the Arnold Fairbank Cattle Company, (5) failing to keep buyer's invoices regarding all of the purchases of livestock, and (6) failing to keep an accurate record of the weight of livestock bought, sold, or otherwise disposed of each business day.

The order issued in the administrative proceeding requires Fairbank and his successor corporation to cease and desist with respect to the illegal practices, and to keep complete and accurate records in connection with all business transactions which are subject to the statute. The order also provides that Fairbank and the Arnold Fairbank Cattle Co., Inc. be suspended as registrants under the Packers & Stockyards Act for a period of six months.

Fairbank was a registered "dealer" under the provisions of the Act during the time in question and was engaged in the business of buying and selling livestock in commerce. He is the sole owner of the corporation, which succeeded him during the administrative proceeding.

SUFFICIENCY OF EVIDENCE

The Judicial Officer (Officer) found that, in 59 separate and distinct transactions, Fairbank sold cattle for his own account on a weight basis, in commerce, to various customers in California at false and incorrect weights, which he arrived at by adding an arbitrary number of pounds to the weights at which he had purchased the cattle. Additionally, he found that Fairbank purported, and contracted, to sell the feeder livestock involved on the basis of his purchase weight. He also found that the 59 transactions involved more than 5,000 feeder cattle, which were sold at false weights, that Fairbank arbitrarily added a total of 77,531 pounds to the weights at which he had purchased these cattle and collected an additional $16,814.98 on the basis of false weights. Moreover, he found that Fairbank issued invoices to purchasers showing false weights, collected payments from purchasers on the basis of the false weights, made copies of false invoices a part of the records of his company, failed to keep buyer's invoices regarding all of the purchases of livestock and failed to keep an accurate record of the weight of the livestock bought, sold or otherwise disposed of in each business day.

■ The record is voluminous and, beyond doubt, supports the findings of the Officer. Petitioners' assertion that the cattle gained weight during the course of transportation borders on the ludicrous and finds no substantial support in the record. The evidence in support of the findings is so overwhelming that to cover it in detail would be a gross misuse of the judicial function.

■ Under the provisions of the Act, the policing of the "dealers" is placed in the hands of the Secretary of Agriculture and the Officer acting in his stead. The scope of judicial review is narrowly limited to the correction of errors of law and to the examination of the sufficiency of the evidence supporting the factual

---

1. The Judicial Officer acting for the Secretary.

conclusions. Aikins v. United States, 282 F.2d 53 (10th Cir. 1960); Hyatt v. United States, 276 F.2d 308 (10th Cir. 1960); Swift & Co. v. United States, 393 F.2d 247–255 (7th Cir. 1968). The court must not substitute its judgment for that of the Officer, as to which of various rational but opposed inferences should be drawn from the evidence. Hyatt v. United States, *supra*; Capitol Packing Co. v. United States, 350 F.2d 67 (10th Cir. 1965). The findings and orders of the Officer must be sustained if not contrary to law and if supported by substantial evidence. Swift & Co. v. United States, *supra*; Capitol Packing Co. v. United States, *supra*.

Even if there was a possibility of drawing two inconsistent conclusions from the evidence, it does not mean that an administrative agency's findings are not supported by substantial evidence. Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

## EVIDENTIARY QUESTIONS

Petitioners complain of the receipt in evidence of certain books and records and summaries thereof and of other rulings of the Hearing Examiner.

 Keeping in mind that petitioners' registration as a livestock dealer is a privilege granted by the Secretary of Agriculture, pursuant to the provisions of the Act, Cella v. United States, 208 F.2d 783, 789 (7th Cir. 1953), cert. denied 347 U.S. 1016, 74 S.Ct. 864, 98 L. Ed. 1138 (1954), and that a livestock dealer is required to keep records for examination by the officials of the agency, 7 U.S.C. § 221, 9 C.F.R. § 201.46, 9 C.F.R. § 201.49,[2] and that the keeping of such records and their inspection, from time to time, are important and essential means in the accomplishment of the purposes of the Act, Hyatt v. United States, 276 F.2d 308, 312 (10th Cir. 1960); United States v. Donahue Bros., 59 F.2d 1019, 1023 (8th Cir. 1932), the audit of

petitioners' books and records by respondent Secretary was a proper procedure. Moreover, the receipt in evidence of the products of the audits and the testimony of the auditors in charge was proper and did not constitute error. Of course, the technical rules of evidence, applicable in civil trials, are not employed in administrative hearings. Federal Trade Commission v. Cement Institute, 333 U.S. 683, 706, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); Wallace Corp. v. Labor Board, 323 U.S. 248, 253, 65 S.Ct. 238, 89 L.Ed. 216 (1944). Substantially all of the data used in the summaries which were received in evidence was taken from petitioners' books and records and all of the documents corroborating the data in the summaries, including the documents which did not originate from petitioners' books and records, were separately received in evidence. Consequently, the original records from which the summaries were prepared were available to petitioners and properly received in evidence. Board of County Commissioners v. William J. Howard, Inc., 230 F.2d 561, 564 (10th Cir. 1956), cert. denied 351 U.S. 926, 76 S.Ct. 784, 100 L.Ed. 1456 (1956); Gross v. United States, 201 F.2d 780, 787 (9th Cir. 1953).

 Petitioners complain of alleged erroneous rulings of the Hearing Examiner on the rejection and reception of certain other evidence. They assert such rulings were consistently against them and demonstrate that the Hearing Examiner was completely unfair to petitioners during the course of the proceedings. We agree with the respondents that the major part of the rejected evidence approached the incredible and none of it had an earmark of inherent veracity as noted in Sardis Luggage Co. v. National Labor Relations Board, 234 F.2d 190, 193 (5th Cir. 1956). We are governed by the rule that a Hearing Examiner has wide latitude as to all phases of the conduct of the hearing. Cella v. United States, *supra*, cert. denied 347 U.

2. For construction of comparative legislation, see Davis v. United States, 328 U.S. 582, 587–595, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946); Shapiro v. United States, 335 U.S. 1, 33–36, 68 S.Ct. 1375, 92 L. Ed. 1787 (1948).

S. 1016, 74 S.Ct. 864, 98 L.Ed. 1138 (1954). Here, as in Standard Distributors v. Federal Trade Commission, 211 F.2d 7, 11 (2d Cir. 1954), we can say that "the charge of bias and prejudice made against the trial examiner was so unfounded that no discussion of that in detail would serve any useful purpose."

■ When the trier of the facts, as here, expresses a doubt on the validity of oral testimony, the reviewing authority should not substitute its own judgment for that of the Examiner unless his findings are hopelessly incredible or flatly contradict either a "law of nature" or undisputed documentary evidence. National Labor Relations Board v. Dinion Coil Co., 201 F.2d 484, 490 (2d Cir. 1952); see also United States v. Oregon Medical Society, 343 U.S. 326, 339, 72 S.Ct. 690, 96 L.Ed. 978 (1952). Neither exception is here applicable. We find no error in the rulings of the Hearing Examiner.

## PRE-TRIAL DISCOVERY

■ The Packers & Stockyards Act makes no provision for pre-trial discovery and the rules of practice governing proceedings under the act [3] do not provide for discovery. For that matter, this court in Federal Maritime Commission v. Anglo-Canadian Shipping Co., 335 F.2d 255, 260 (9th Cir. 1964), in construing comparable legislation held that the failure of Congress to affirmatively authorize discovery should be taken as a deliberate choice and that an agency rule providing for such a procedure would be inconsistent with the general statutory authority under which the agency functioned. That rule, of course, does not mean that prior statements of a witness relating to his testimony should not be produced in the interests of fair play. Harvey Aluminum (Incorporated) v. National Labor Relations Board, 335 F.2d 749 (9th Cir. 1964). Assuming that petitioners' rights to inspection were the equivalent of those granted to a defendant under the Jencks Act, 18 U.S.C. § 3500, the statements were produc-

ible only by a motion after the witness testified, Johnston v. United States, 260 F.2d 345, 347 (10th Cir. 1958), and then only such portions of the statements as may be related to the testimony of the witness. In those circumstances, it is proper for the Hearing Examiner to view the total statement and then *in camera* ascertain whether it contains non-producible material. Ogden v. United States, 303 F.2d 724, 739 (9th Cir. 1962).

■ Aside from the above, we hold that petitioners were given every producible statement, record and document in the possession of the administrative agency, with the exception of certain portions excised by the Hearing Examiner while viewing the material *in camera*. We have examined, *in camera,* the material which was so excised. It does not relate to the subject matter of the testimony of the witness purporting to make the statement. Such being our holding, the excised material was not producible under 18 U.S.C. § 3500 nor, for that matter, under the general principles enunciated in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L. Ed.2d 1103 (1957).

## THE VIOLATIONS WERE WILLFUL

■ The Officer found that the violations by Fairbank were willful. The fact that he repeatedly sold livestock at false weights points to the unavoidable conclusion that he intentionally violated the provisions of the Act. Additional evidence of willfulness is the fact that the numerous violations were committed over a protracted period of time. Fairbank's issuance of invoices to purchasers showing false weights, his collection of money from purchasers on the basis of false weights, his use of copies of false invoices as part of the records of the company, his failure to keep buyer's invoices regarding all purchases of livestock and failure to keep an accurate record of the weight of the livestock bought, sold or otherwise disposed of have been established by substantial evi-

3. 9 C.F.R. § 201.1, et seq.

dence. These multitudinous and repetitious commissions of interrelated violations fully support the Officer's findings that the acts were willful and intentional. Eastern Produce Co. v. Benson, 278 F.2d 606, 609 (3d Cir. 1960); Cella v. United States, *supra*; Capitol Packing Co. v. United States, *supra*.

Petitioners urge that the decision and order of the Officer rests on speculation and conjecture and, as a consequence, is void. We disagree. The administrative decision as to the remedy should be sustained unless the remedy selected has no reasonable relation to the unlawful practices found to exist. Federal Trade Commission v. National Lead Co., 352 U.S. 419, 429, 77 S.Ct. 502, 1 L. Ed.2d 438 (1957).

### VALIDITY OF ORDER AND REGULATIONS

Although petitioners contend to the contrary, the order of the Officer which suspends the registration of the petitioners is not contrary to the Administrative Procedure Act. Goodman v. Benson, 286 F.2d 896, 900 (7th Cir. 1961); Capitol Packing Co. v. United States, *supra*. Petitioners contend that 9 C.F.R. §§ 201.46, 201.49 and 201.55 are invalid. However, it is clear that the sanctions imposed by the Officer depend for their validity upon the statute and not the regulations. United States v. Donahue Bros., 59 F.2d 1019, 1022 (8th Cir. 1932); Trunz Pork Stores v. Wallace, 70 F.2d 688, 690 (2d Cir. 1934).

Moreover, we hold that the regulations are valid. Prior to 1958, the Secretary had jurisdiction over transactions involving a dealer only if they took place at a stockyard. In 1958, the phrase "at a stockyard" was deleted from the definition of a dealer and from the prohibitions with respect to trade practices, 7 U.S.C. §§ 201, 213. Clearly, the 1958 amendment of the Act expanded the Secretary's jurisdiction to include jurisdiction over all livestock marketing involved in interstate commerce including country buying of livestock, thus authorizing the 1959 amendments to the regulations. The 1959 amendments made the regulations applicable to *all dealer activities* in connection with commerce involving livestock. Obviously, the amendments were promulgated to conform the regulations to the enlarged area of the statutes, 7 U.S.C. §§ 201, 213. We deem it unnecessary to outline the specific steps taken by the Secretary in promulgating the amendments of the regulations. It is enough to say that they were promulgated, amended and published in complete compliance with all applicable requirements.

### SPECIFIC FINDINGS

Petitioners argue that the Officer's findings of fact 2 through 8 are supported by neither the facts nor the law. We hold that each finding of fact is amply supported by substantial evidence. Moreover, in our opinion, the Officer properly applied the relevant law to each finding, and his order is tailored "to meet the legitimate needs of the case". Swift & Co. v. United States, 317 F.2d 53, 56 (7th Cir. 1963).

Other issues raised by petitioners have received our consideration. We find them baseless.

The order of the Secretary is affirmed.