124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric William HERETH, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 96-70188.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1997.**
Decided Aug. 13, 1997.
 
 1
 Petition to Review a Decision of the Federal Aviation Administration; FAA No. CP92WP0444.
 
 
 2
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Mr. Hereth seeks judicial review of the Federal Aviation Administrator's ("the Administrator") findings that Mr. Hereth violated Federal Aviation Regulations as pilot in command of a PA-28-180, Piper Cherokee aircraft N7803N on July 12-14, 1991. Following a Federal Aviation Administration ("FAA") investigation and an administrative hearing, the Administrative Law Judge ("ALJ") concluded Mr. Hereth had violated Federal Aviation Regulations §§ 91.13, 91.103(a), and 91.151(a)(2), and assessed a $3,000.00 civil penalty. The Administrator affirmed this determination on December 19, 1995.
 
 
 5
 This panel has jurisdiction pursuant to 49 U.S.C. §§ 46110 and 46301(g), and 5 U.S.C. § 706. After review of the record, the petition for review is denied.
 
 
 6
 I. Substantial Evidence on the Record as a Whole Supports the Administrator's Findings That Mr. Hereth Committed Regulatory Violations.
 
 
 7
 Under the Federal Aviation Act, the task of the Court of Appeals is merely to review the FAA's findings of fact to see whether they are "supported by substantial evidence." 49 U.S.C. § 46110(c); Howard v. FAA, 17 F.3d 1213, 1215 (9th Cir.1994); Essery v. Department of Transp., 857 F.2d 1286, 1288 (9th Cir.1988). Under the "substantial evidence" standard, a finding is "conclusive" and may not be disturbed on appeal if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Howard, 17 F.3d at 1215-16 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also 49 U.S.C. § 46110(c). Having reviewed the record as a whole, this Court finds the Administrator could fairly and reasonably find facts as he did based on the testimony and exhibits presented.
 
 
 8
 The ALJ determined Mr. Hereth used the wrong flight manual, which hindered his ability properly to calculate fuel requirements. Mr. Hereth was flying a PA-28-180 aircraft with a 180-horsepower engine at the time it crashed. At the initial meeting with the accident investigator, Mr. Hereth represented he used the approved flight manual for a PA-28-161 aircraft, with 160 horsepower, to prepare his flight plan. Mr. Hereth later asserted he used the approved flight manual for a PA-28-181 aircraft to plan the flight in question because the PA-28-180 manual was not available for purchase. In reaching his determination, the ALJ weighed the testimony of Mr. Hereth and the accident investigator and decided against Mr. Hereth.
 
 
 9
 It is not the function of the Court of Appeals on review to weigh evidence or evaluate the credibility of witnesses. Howard, 17 F.3d at 1217 n. 8. When the trier of fact expresses a doubt as to the validity of oral testimony, the reviewing authority should not substitute its own judgment for that of the ALJ unless the ALJ's findings are hopelessly incredible or flatly contradict a 'law of nature' or undisputed documentary evidence. Fairbank v. Hardin, 429 F.2d 264 (9th Cir.1970); Dohmen-Ramirez v. Commodity Futures Trading Comm'n, 837 F.2d 847, 856 (9th Cir.1988). Here, the record supports the inference that Mr. Hereth's testimony regarding the manual he used to plan his flight was not credible.
 
 
 10
 The ALJ found Mr. Hereth failed to ensure the plane had adequate fuel for the flight. Throughout the administrative and appeal process, Mr. Hereth has asserted that something other than improper flight planning caused the plane to run short of fuel and crash. Investigators of the accident, however, testified there was no evidence of a fuel leak, including no fuel stains on the skin of the aircraft and specifically no odor of aviation fuel in or around the wreckage.
 
 
 11
 At the evidentiary hearing, Mr. Hereth asserted a fuel burn rate of approximately 8 to 8.5 gallons per hour. Evidence of the Hobbs reading indicated the round trip flight took 6.3 hours. A computation based on these figures indicates there would have been adequate fuel for the flight, including a forty-five (45) minute reserve. In contrast, the FAA asserted a fuel burn rate of 9.65 gallons per hour based on the approved flight manual for a PA-28-180. A calculation involving this figure supports a finding Mr. Hereth did not provide for adequate fuel reserves.
 
 
 12
 Again, the reviewing court may not substitute its own judgment as to whether the inference drawn by the ALJ was the right one or whether a different inference would be better supported. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). Although there is conflicting evidence, substantial evidence in the record supports a finding that Mr. Hereth's miscalculation of the fuel expenditure rate for the aircraft he was flying, rather than a fuel leak, was the cause of the accident. See Essery, 857 F.2d at 1288.
 
 
 13
 II. The Administrator's Findings and Conclusions Were Not Arbitrary, Capricious. or an Abuse of Discretion.
 
 
 14
 Mr. Hereth asserts numerous procedural irregularities in the processing of his case. A review of nonfactual matters is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). The Court of Appeals must uphold FAA actions, findings and conclusions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Howard, 17 F.3d at 1215 (quoting the APA, 5 U.S.C. § 706(2)(A)).
 
 
 15
 Mr. Hereth asserts he was denied adequate discovery and did not know the accident investigators had looked for colored fuel stains until the evidentiary hearing. However, "[p]rocedural due process requires only adequate notice and an opportunity to be heard." Reid v. Engen, 765 F.2d 1457, 1463 (9th Cir.1985). When Mr. Hereth was served with the FAA's complaint, he had constitutionally adequate notice of the charges against him and opportunity to defend against these charges at a formal evidentiary hearing.
 
 
 16
 Mr. Hereth fails to show he lacked the opportunity to introduce additional evidence after the FAA presented its arguments. At the end of the first day of a scheduled two-day hearing, Mr. Hereth chose to conclude. Mr. Hereth complains there was no chalkboard in the hearing room and, therefore, he could not present his defense. Again, however, Mr. Hereth chose to proceed.
 
 
 17
 Mr. Hereth had the opportunity to present supportive testimony from his passengers at the hearing. He elected not to do so. After investigators stated there was no smell of aviation fuel which would indicate spillage, Mr. Hereth failed to counter this assertion with his own testimony.
 
 
 18
 Mr. Hereth fails to show he was prejudiced by any delay or informality in the notice of issues he received. If Mr. Hereth believed there was a lack of evidence on the issues he desired to defend, he had ample opportunity to remedy the defect. Mr. Hereth could have sought rehearing or reconsideration, including a request to present further evidence. Mr. Hereth did not take advantage of this opportunity. Mr. Hereth's request that the case be decided on the merits, rather than dismissed with prejudice on jurisdictional grounds, indicates he was content to have his case heard on the evidence introduced at the evidentiary hearing.
 
 
 19
 Mr. Hereth complains he did not receive an informal conference with the FAA's attorney. Assuming this is true, the fact Mr. Hereth received a formal evidentiary hearing satisfies the requirements of due process. Reid, 765 F.2d at 1463.
 
 
 20
 Finally, Mr. Hereth claims the ALJ was temporarily unfit to preside at the evidentiary hearing and slept during portions of the testimony. Mr. Hereth, however, did not seek to have the ALJ disqualified. Indeed, in his letter requesting reconsideration of the ALJ's initial dismissal of the complaint for lack of jurisdiction, Mr. Hereth lauded the ALJ for his efforts and hard work. Far from deeming the ALJ unfit, Mr. Hereth was satisfied to entrust the ALJ with a determination on the merits.
 
 
 21
 After considering the complete administrative record, this Court finds no evidence of reversible, procedural infirmities.
 
 CONCLUSION
 
 22
 Mr. Hereth was notified of the charges against him and given a formal opportunity to be heard. The record as a whole contains ample evidence to support the factual findings of the ALJ and the Administrator.
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 * The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3