**William Reece JOHNSTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee (two cases).**

**Fred Charles RILEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee (two cases).**

**Nos. 5909–5912.**

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1958.

**346**

Roy Cook, Kansas City, Kan., for appellants.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

On August 20, 1957, and again on September 27, 1957, the Twin City State Bank of Kansas City, Kansas was held up and robbed by two unmasked, armed bandits. The defendants, Riley and Johnston, appellants here, were identified by bank employees and customers in the bank as the persons who staged the holdup on each occasion. An indictment was returned for each robbery, and each indictment charged both defendants with having violated Title 18 U.S.C.A. § 2113 (d).[1]

Upon motion of the United States, the cases were consolidated for trial. The guilt of the defendants was established by overwhelming and uncontradicted evidence. Upon conviction each was sentenced to imprisonment for a term of fifteen years on each indictment, the terms to run consecutively, and fined a total amount of $5,000.

■ Defendants assign as error the order consolidating the two indictments for trial. Rule 13, Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

Rule 8 permits offenses to be charged in separate counts of the same indictment or information, which are:

" * * * of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The rule also states:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

The indictments charged the defendants with participating in acts constituting crimes which were of the same character, and the trial court did not abuse its discretion in consolidating them for trial. Archambault v. United States, 10 Cir., 224 F.2d 925, and cases cited; United States v. Harris, 7 Cir., 211 F.2d 656, certiorari denied 348 U.S. 822, 75 S.Ct. 34, 99 L.Ed. 648; United States v. Smith, 2 Cir., 112 F.2d 83.

■■ Defendants contend that they wrongfully were denied the right to inspect statements of government witnesses in the possession of the prosecution.

1. Title 18 U.S.C.A. § 2113, makes bank robbery a crime, and § 2113(d) provides that if, in the perpetration of the offense, an assault is made on any person, or the life of any person is put in jeopardy by the use of a dangerous weapon or device, the penalty is not more than 25 years, and a fine of not more than $10,000, or both.

Prior to trial the defendants moved for an order directing that statements of different witnesses be produced. This motion was premature and was properly denied. During the trial the District Attorney stated that all signed statements of government witnesses would be furnished the defendants after each witness testified. The record does not disclose that any such statement, with the possible exception of one, was withheld. Title 18 U.S.C.A. § 3500, provides that after a witness called by the United States has testified in a criminal prosecution, the court shall, on motion of the defendant, order the United States to produce statements signed by the witness or otherwise adopted or approved by him, or any other record or transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness to an agent of the government and recorded contemporaneously with the making of such oral statement. In United States v. Palermo, 2 Cir., 258 F.2d 397, 399, the court said:

> " * * * The evident purpose of the statute is to limit the right of inspection for use in cross-examination to reasonably accurate or authenticated statements and reports, for which the witness, not the Government agent, is responsible."

The defendant is entitled to the production of a statement made by the witness only after a showing that there is in existence a statement such as defined by the statute. One witness testified that he had signed a statement for the F.B.I.[2] No request or motion was made for the production of the statement. To sustain his position that statements of the witnesses in his possession were delivered to defendant's counsel after each witness had testified, the District Attorney asserts that if demand had been made for this particular statement, it would have been shown that the witness was referring to an oral statement made to agents of the F.B.I., and that no other statement was in existence. Under the provisions of § 3500, a defendant is entitled to have the statement of a witness produced only by motion after the witness has testified. The record does not disclose that the defendants were denied the statement of any witness to which they were entitled.

Defendants contend that the court erred in permitting an agent of the F.B.I. to sit at the counsel table and assist the government in the presentation of evidence after the court had invoked the rule excluding witnesses. This agent did not testify at the trial, and the defendants were not prejudiced by his presence. The question of whether witnesses should be excluded from the court room while not testifying is addressed to the sound discretion of the trial court and is subject to review only upon a showing of abuse of that discretion or manifest injustice. Oliver v. United States, 10 Cir., 121 F.2d 245, and cases cited. Furthermore, unless there is an abuse of discretion, it is not error for a trial court to permit an officer of the United States to remain in the court room throughout the trial and advise counsel for the government, even though the officer testified as a witness. United States v. Infanzon, 2 Cir., 235 F.2d 318; Brown v. United States, 5 Cir., 228 F.2d 286, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Portomene v. United States, 5 Cir., 221 F.2d 582; Powell v. United States, 6 Cir., 208 F.2d 618, certiorari denied 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104.

Objection was made to the introduction of evidence relating to the purchase by an unknown person of a Buick automobile in East St. Louis, Illinois at about the time of the second robbery. The evidence shows that this

---

2. On cross-examination, the witness, a customer in the bank at the time of one of the holdups, with reference to his identification of one of the defendants, was asked this question: "And you signed a statement for the F.B.I. to this effect?" The witness answered in the affirmative and the matter was pursued no further.

automobile was in the possession of the defendants at Milwaukee, Wisconsin the day following the second robbery. In it were guns similar to those used in the robberies, together with a large sum of money. The evidence was clearly admissible.

Other errors are assigned with reference to the admission of evidence and the denial of a request for a continuance by one of the defendants. An examination of the record discloses that there is no merit in any of these contentions.

Affirmed.