**Herbert L. HOLM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18620.**

United States Court of Appeals
Ninth Circuit.

Nov. 22, 1963.

McKittrick & Marks, and James R. Mc-Kittrick, Eureka, Cal., for appellant.

Sidney I. Lezak, U. S. Atty., and Donal D. Sullivan, Asst. U. S. Atty., Portland, Or., for appellee.

Before ORR, MERRILL and BROWN-ING, Circuit Judges.

ORR, Circuit Judge.

The government charged appellant with a violation of 18 U.S.C.A. § 1342, mail fraud. The information stated that he concocted and put into operation a scheme to defraud the Standard Oil Com-

pany of California and its gasoline dealers by the device of obtaining a credit card in an assumed name for the purpose of evading liability for charges made to the credit card. The charged mailing of a credit card application by appellant on November 9, 1959, is the act upon which he was tried and convicted.

On or about November 9, 1959, the Portland, Oregon, Regional Office of the Standard Oil Company of California received a credit card application from a service station located in Oakridge, Oregon. The application was filled out in the name of "Merle Dodd". The government established by competent evidence that the said signature of "Merle Dodd" was written by appellant.

During the months of April, May and June, three successive statements were sent to Merle Dodd at the address given on the application. This address turned out to be fictitious and the statements were returned by the Post Office. At the time the application was made by appellant and the fictitious address was given there was living in Eureka, California, a Mr. Merle Dodd, who sustained a good reputation for honesty and integrity and it was this Mr. Dodd whose credit rating was investigated before the credit card was issued.

█ Appellant in his own behalf and his former wife testified that he was not present in the State of Oregon at the time the application for the credit card was mailed. This was his alibi. He now complains that the trial court failed to give an instruction on the defense of alibi and thus committed reversible error. The answer to that assignment of error is that appellant failed to ask the court to give such an instruction and hence his objection at this time is without merit. At least that is what the Supreme Court of the United States held in the case of Goldsby v. United States, 160 U.S. 70, at 77, 16 S.Ct. 216, at 219, 40 L.Ed. 343 (1895), where they stated, in part:

> "If the accused wished specific charges as to the weight in law to be attached to testimony introduced to establish an alibi, it was his privilege

to request the court to give them. No such request was made, and, therefore, the assignments of error are without merit."

█ Also appellant complains that the trial court in its instructions unduly emphasized the evidence of the government. We have read the instructions. We conclude that they are full, fair and complete. The instructions are well within the rule laid down in Smith v. United States, 9 Cir., 305 F.2d 197, at 205 (9th Cir. 1962), cert. denied Corey v. United States, 371 U.S. 890, 83 S.Ct. 189, 9 L. Ed.2d 124 (1962):

> "A federal trial judge, as has many times been said, is more than a moderator or umpire. He has the responsibility to preside in such a way as to promote a fair and expeditious development of the facts unencumbered by irrelevancies. He may assist the jury by commenting upon the evidence and this may include an appraisal of the credibility of witnesses, providing the comment is fair and the jury is clearly instructed that they are to find the facts and may disregard such comments."

The trial court was careful to admonish the jury that they were the sole judges of the facts and were to use their own judgment in arriving at their verdict. In this connection we think a cautionary instruction given is worthy of incorporation in this opinion:

> "Now, during the course of the trial I occasionally asked questions of a witness. I did that because I thought that there was some question that should be developed about which you should have information. But I did not intend to indicate that I favored either the Government or the defendant, and I do not intend to do so. So please do not assume that I have any opinion as to the matters to which my questions related.
>
> "To make it very specific, if any of you know, or think you know, by any words or actions of mine what my

attitude is towards the questions of fact that will be submitted to you, you are instructed that you can disregard my opinion, for under the law you are the sole and exclusive judges of the facts and the credibility of all witnesses. This instruction, however, is subject to one qualification. In so far as I lay down the rules of law, you are bound to follow them whether you agree with them or not."

As a matter of fact, we agree with the government when it states that the instructions of which appellant complains do not constitute a comment.

■ Further complaint is made that the trial court in its instructions made some reference to appellant as one who "pulls a fast trick" and stated that he was "not a very desirable member of society". These quotations were lifted out of context. A reading of the instructions confirms the belief that the court in the instructions in which those terms were used was warning the jury not to allow impressions they might form outside the charge against appellant to impel them to return a guilty verdict.

■ Exception is also taken to the trial court's instructions as to the weight to be given to the testimony of expert witnesses. We can best answer this assignment of error by quoting the instructions given:

"Now, as you probably know, the rules of evidence ordinarily do not permit a witness to testify as to his opinion or conclusions. A so-called expert witness is an exception to this rule. A witness who, by education and experience, has become an expert in any science, art, profession or calling, may be permitted to state his opinion as to a matter in which he is versed, and which is material to the cause, and he may also state his reasons for such opinion.

"Now, in this case you have heard a handwriting expert who was permitted to give his opinion and conclusion as to a very important issue in this case. You should consider his opinion and give it such weight as you think it deserves. You may reject it entirely if you conclude that the reasons given in support of the opinion are unsound."

And again the court instructed:

"I want to clarify the instructions I gave concerning expert witnesses.

"You will recall that I instructed you that the rules of evidence ordinarily do not permit a witness to testify as to his opinions or conclusions. An exception to this rule exists in the case of an expert witness. A witness who by education and experience has become expert in an art, science or profession may state his opinion as to a matter in which he is versed and which is material to the case, and he may also state his reasons for such opinion.

"In this case you have heard the testimony of one expert, and I will tell you that you may reject his opinion entirely if you think that the reasons given in support of his opinions are unsound. I also want to instruct you that you are to judge the opinion on the same basis as you would judge the opinion of the lay persons who have testified, except that you are entitled to give the opinion more weight if you decide that because of the experience and training the expert's opinion is more likely to be accurate than that of the untrained person.

"So, with that standard, if you find, for example, that he has contradicted himself, or has in any way been impeached, you may disregard all of his testimony, or it can be weakened. Of course, if you find, on the other hand, that his testimony has not been impeached in any way, you are to give it the weight and consideration which you think it deserves. So there are two things you are to consider: You are to consider the reasons, and you are also to

judge his testimony on the same basis as you would the testimony of lay witnesses."

The instructions speak for themselves and we think are entirely proper.

Affirmed.