**Donald Lee YATES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8152.**

United States Court of Appeals
Tenth Circuit.

June 17, 1966.

George R. Compton, Wichita, Kan., for appellant.

John M. Imel, U. S. Atty., for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

**DAVID T. LEWIS, Circuit Judge.**

On May 7, 1964, the Citizens Bank, Drumright, Oklahoma, was held up and robbed of over $35,800 by a lone, unmasked man. Appellant was indicted and tried for the crime, 18 U.S.C. § 2113(a), and now appeals from the judgment of conviction and the sentence imposed.

Six witnesses identified appellant as the person who committed the armed robbery, one of whom further testified that appellant left the scene driving north in a green and white 1962 Chevrolet. Appellant concedes the testimony of the eyewitnesses to be sufficient to warrant conviction but contends that additional evidence of extraneous circumstances was improperly admitted that prejudiced his denial of participation in the crime. Three areas of such additional proof were specifically connected with appellant: that he was in possession of a black and white .38 caliber revolver meeting the description of the gun described by the eyewitnesses as used in the robbery; that he had possession, after the robbery, of some $8,700 in cash; that he checked out of a Tulsa, Oklahoma motel on May 6 where he had been registered for several days under an assumed name. One area of proof was not directly connected to appellant: that a green and white 1962 Chevrolet was stolen on May 6 in Tulsa and found abandoned after the robbery some two miles north of the bank at Drumright.

It is true, of course, that circumstantial evidence which tends to connect an accused with a crime not charged or with suspicious or unconventional conduct may, in some instances, have such little probative value as to be irrelevant and prejudicial when considered in light of the totality of the evidence in a particular case. See Lyda v. United States, 9 Cir., 321 F.2d 788. The case at bar is not such a case. Appellant's possession of a large sum of money after the robbery and his possession of a gun similar in appearance to that used in the robbery are facts clearly probative of the commission of the crime and thus admissible. Johnston v. United States, 10 Cir., 260 F.2d 345, cert. denied 360 U.S. 935, 80 S.Ct. 1454, 4 L.Ed.2d 1547. Appellant's presence in and departure from Tulsa immediately before the robbery serve the dual purpose of establishing his whereabouts and to bolster the relevancy of the use of a particular car as part of the over-all course of conduct and scheme of the crime, and is admissible for such purposes.[1] Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331.

Appellant also asserts that the trial court erred in denying his motion for mistrial because on one occasion he was brought into the courtroom while shackled. When the incident occurred the trial court formally inquired into the matter and determined that appellant's appearance in the courtroom while under restraint had occurred briefly about twenty minutes before one session began and in the presence of perhaps ten unidentified people. There was no evidence that any juror saw the incident. On motion for new trial the court gave further consideration to the possible impact of the happening upon the rights of appellant and found that only reasonable restraint had been imposed upon appellant and that he was not prejudiced thereby even if observed by any juror, there being no evidence that any juror had in fact observed appellant under restraint. We are satisfied that the record reflects no abuse of judicial discretion in such regard and that the trial court, after its careful inquiry, did not err in denying the motion for mistrial. Glass v. United States, 10 Cir., 351 F.2d 678.

The judgment is affirmed.

---

1. The evidence was not objected to. Appellant testified in his own behalf and asserted he obtained the money in a "set up" gambling incident and registered under an assumed name to avoid registering with the Tulsa police as an ex-convict. He had been released from the South Dakota penitentiary two months prior.