Ramon **MELENDREZ–RODRIGUEZ,**
Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 26801.

United States Court of Appeals,
Ninth Circuit.

April 30, 1971.

Roger T. Nuttall (argued), Fresno, Cal., for appellant.

William Allen (argued), Dwayne Keyes, Asst. U. S. Attys., Fresno, Cal., for appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted on three counts under 8 U.S.C. Section 1324 (a) (2), transportation of aliens who are illegally within the United States.

He was arrested by members of the United States Border Patrol while driving his automobile near Bakersfield, California. In the vehicle with him were three aliens, each of whom testified that he was in the United States illegally and

that the defendant had knowledge of his illegal presence in this country.

The appellant took the stand and testified that he had no knowledge that the aliens had illegally entered the country. In support of this proposition he testified that at the time the crime occurred, he was involved in finalizing his own immigration status; that he asked the aliens if they were properly within the country and received an affirmative answer; and that he told the aliens that he wanted "no trouble" of the type for which he was convicted because of the pending immigration proceedings.

On cross-examination, counsel for the government asked the appellant, over strenuous objection, whether he had returned to Mexico within a six or seven month period prior to trial. Appellant gave a negative reply and was impeached with evidence which tended to establish appellant's presence in Mexico during that time.

On appeal, appellant contends that the cross-examination exceeded the permissible scope of direct examination.

The general rule is that cross-examination of a defendant witness should be limited to matters embraced within the direct examination. Brown v. United States, 356 U.S. 148, 156, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); Lewis v. United States, 373 F.2d 576, 578 (9th Cir. 1963). However, the defendant's right to be free from self incrimination does not extend an immunity from cross-examination on matters he himself has put in dispute. Brown, supra, 356 U.S. at 156, 78 S.Ct. 622, 2 L.Ed.2d 589. Here, the effect of appelllant's direct testimony was that he would not knowingly transport the illegal aliens because of his pending immigration proceedings. The cross-examination merely contradicted that proposition by showing that appellant had previously jeopardized his immigration status.

The cross-examination was also fully admissible as a successful attack on a witness' truth and sincerity. A defendant witness may be impeached as to his credibility in the same manner as any other witness. See Brown, supra, at 154, 78 S.Ct. 622, 2 L.Ed.2d 589. When cross-examination has such a purpose, questions may be asked even if they concern subjects "not strictly relevant" to the direct testimony. Lewis, supra, 373 F.2d at 578. In such cases, the extent of cross-examination is committed to the discretion of the trial court. United States v. Johnson, 285 F.2d 35, 40 (9th Cir. 1960).

A review of the record discloses no purpose to degrade appellant by eliciting evidence of improprieties which were unrelated to the veracity of his direct testimony. See Lyda v. United States, 321 F.2d 788, 793 (9th Cir. 1963). In these circumstances, we can find no abuse of discretion.

Judgment affirmed.