No. 47,623

STATE OF KANSAS, *Appellee*, v. JOHN H. TOWNSLEY, *Appellant*.

(535 P. 2d 1)

Opinion filed May 10, 1975.

*Michael B. Roach*, of Wichita, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, *Keith Sanborn*, district attorney, and *Stephen M. Joseph*, assistant district attorney, were on the brief for the appellee.

*Per Curiam:* This is a direct appeal from defendant's conviction of the crimes of robbery (K. S. A. 21-3426), aggravated burglary (K. S. A. 21-3716), and aggravated sodomy (K. S. A. 21-3506).

The events which culminated in the robbery charge grew out of an incident that allegedly occurred on September 20, 1973, involving a female employee of the Wichita Credit Bureau. She started to get into her car, placed her purse on the front seat, and was sitting with one leg still outside the car when a man approached her, attempted to put his hand between her legs, and tried to force it up under her skirt. She screamed. Defendant then forced the victim out of her car and knocked her to the ground. She got up and ran from her assailant. She testified at trial that after running a short distance she looked back and saw the man in her car "doing something." She then saw the man get out of the car and run down an alley. When she returned to her car, her purse, containing one dollar and her payroll check, was gone. An employee in a nearby office heard the victim's screams and then observed a man running down the alley. The defendant was arrested two blocks from the scene of the attack. He was carrying the victim's purse which still contained one dollar and her payroll check. The defendant was identified by the employee as the man she observed running down the alley.

The events which culminated in the aggravated burglary and aggravated sodomy charges grew out of an incident that allegedly occurred on September 13, 1973, involving a twenty-one-year old

female student at Friends University. She had been studying in her bedroom and had fallen asleep on her bed. She awoke to find a man standing over her with his hand over her mouth. The man attempted to forcibly engage in sexual intercourse with her. She dissuaded him from that, but he was able to forcibly engage in sodomy with her. At trial she testified the man told her he had gained entry to her apartment through a kitchen window. She identified the defendant as the intruder.

The defendant alleges two specifications of error: (1) Failure to separate the counts of the information for separate trials, and (2) failure of the court to sustain defendant's motion to separate witnesses.

The conditions under which the joinder of offenses is permissible are delineated in K. S. A. 22-3202 (1). Defendant contends the trial court erred in not ordering the robbery count to be severed from the counts charging aggravated sodomy and aggravated burglary. As the state points out, however, defendant made no objection to joinder nor motion for severance of the counts in the information, either prior to trial, during trial, or in his motion for a new trial. According to K. S. A. 22-3208 (3), objections to an information or indictment, other than that it fails to show jurisdiction or to charge a crime, may be raised only by motion before trial. Failure to so object constitutes a waiver of any such objection unless the court for cause shown grants relief from the waiver. Having failed to "show cause" for not raising the claim of misjoinder before trial, defendant has waived any objection to the joinder of offenses herein.

The trial court did not err in denying defendant's motion for separation of the witnesses. Separation of witnesses at trial is a matter committed to the sound discretion of the court (*State v. McVeigh,* 213 Kan. 432, 516 P. 2d 918), and is subject to review only when there is abuse of discretion or manifest injustice. (*Johnston v. United States,* 260 F. 2d 345 [10th Cir. 1958].)

The judgment of the district court is affirmed.

FROMME, J., not participating.