UNITED STATES of America, Plaintiff-Appellee,

v.

Stanley Edward JAMISON, Jr. Defendant-Appellant.

No. 00-10540, 00-10541.
D.C. CR-92-00160-LKK, D.C. CR-99-00369-LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2001.[1]

Decided Feb. 11, 2002.

Before PREGERSON, RAWLINSON, Circuit Judges, and WEINER, District Judge.[2]

MEMORANDUM[3]

Stanley Edward Jamison appeals his jury trial conviction and sentence for bank

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

3. *This disposition is not appropriate for publication and may not be cited to or by the*

robbery, in violation of 18 U.S.C. § 2113(a), and violating the terms of his supervised release from a prior bank robbery conviction. We affirm the conviction and finding that Jamison violated his supervised release, but remand for resentencing.

■ Jamison first argues that the district court erred when it failed to define the term "intimidation" in its instruction on the elements of bank robbery.[4] Jamison concedes he never requested the court to define the term intimidation; thus our review is for plain error. *United States v. Anderson,* 201 F.3d 1145, 1148 (9th Cir. 2000).

The failure to define words that are within the ordinary understanding of the jury is not error. *See United States v. Garza-Juarez,* 992 F.2d 896, 910 (9th Cir. 1993) (failure to define "possession" not plain error); *United States v. Chambers,* 918 F.2d 1455, 1460 (9th Cir.1990) (failure to define "knowingly" not plain error). The term "intimidation" is a term of general usage, easily understood by lay jurors. It is not a jurisdictional term; it is not a term of art. Rather, it is a term that ordinary speakers of the language would understand and be able to apply without further explanation.

■ We also find the failure to make clear to the jury that it was to apply an objective standard to the intimidation element does not rise to such a level as to call into question the reliability of the verdict. While Jamison asserts that he never used any physical force, the evidence was sufficient for the jury to objectively find that he demonstrated intimidation. In all the robberies he exhibited a threatening posture. In one robbery, he growled at the teller. In another, he threatened to shoot everyone in the bank. In addition, there was substantial evidence of his guilt, including eyewitness identifications, fingerprint evidence and clear still photos from which the jury could have determined he was the robber. Given this evidence, the reliability of the verdict is clear.[5] As the district court adequately informed the jury of all the elements of the offense, there was no plain error in failing to make clear that "intimidation" was to be considered under an objective standard.

■ Jamison next argues that the failure to include an alibi instruction was error. As there was no request by counsel to offer an alibi instruction, or an objection based on the failure to so instruct, our review is again for plain error. Cases that have employed the plain error standard in addressing the failure to give an alibi instruction have consistently held that such a failure is not plain error. *See Lewis v. United States,* 373 F.2d 576, 579 (9th Cir. 1967); *Holm v. United States,* 325 F.2d 44, 45 (9th Cir.1963). Jamison's assertion, that the failure to instruct on the alibi defense affected the reliability of the verdict, is also weak given the eyewitness, fingerprint and photo evidence adduced by

courts of this circuit except as may be provided by 9th Cir. R. 36-3.

4. The court's instruction on the elements of bank robbery was taken nearly verbatim from 9th Cir.Crim. Jury Instr. 8.131 (2000).

5. We also find no merit in Jamison's assertion that the evidence of intimidation was too weak to support the jury's verdict. Considering the evidence of his intimidating posture, and threat to shoot everyone in the bank, the government met its burden of establishing the intimidation element beyond a reasonable doubt. *See United States v. Wagstaff,* 865 F.2d 626, 628-29 (4th Cir.1989) ("It is hard to image a theft of money from a bank that could not be characterized as 'forceful,' 'purposeful,' and 'aggressive.' Any face-to-face theft would seem to create 'a dangerous situation.' ").

the government. In addition, Jamison's alibi witness was inconsistent and the failure to request the instruction may have well been a tactical decision by counsel.

We need not reach the merits of Jamison's next argument, that the district court abused its discretion in denying his pro se new trial motion. Jamison concedes the new trial motion was untimely. The seven day time limit of Fed.R.Crim.P. 33 is jurisdictional. *United States v. Lara-Hernandez,* 588 F.2d 272, 275 (9th Cir.1978). As the district court had no jurisdiction to consider the motion, its denial of the motion was, by definition, not an abuse of discretion.

Next, Jamison argues that if the instant convictions are overturned, the finding that he violated his supervised release was improper. As there is no cause to overturn his instant convictions, his supervised release argument has no merit.

The sentence imposed by the district court must, however, be vacated. 18 U.S.C. § 3553(c) provides:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence
>
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range...

The government concedes that the guidelines range exceeded 24 months and that district court did not state a reason on the record for its sentencing decision within the guidelines range. It thus concedes that the case should be remanded so that the district court can state its reasons for its sentencing decision. Accordingly, the sentence will be vacated and the case remanded to the district court for this limited purpose.

CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED.