NOT DESIGNATED FOR PUBLICATION

No. 113,668

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASPER EPPS,
*Appellant.*


MEMORANDUM OPINION


Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed October 7, 2016. Affirmed.


*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.


*Jacob G. Fishman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BUSER and LEBEN, JJ.


LEBEN, J.: Jasper Epps appeals his conviction for possession of heroin. He was arrested after a confidential informant worked with police to buy heroin from him. When police arrested Epps, officers found heroin in his shoe. The State charged Epps with two counts of distribution of heroin within 1,000 feet of a school and one count of possession of heroin. The jury convicted him only of the possession charge.


On appeal, Epps argues that the district court should have provided separate trials for the distribution and possession charges because trying them together unfairly

prejudiced his right to a fair trial. But Epps failed to ask the district court to try the charges separately, and that served to waive any right to request separate trials. See K.S.A. 2015 Supp. 22-3208(3); *State v. Townsley*, 217 Kan. 102, 103, 535 P.2d 1 (1975). And even if Epps hadn't waived the issue, he has failed to show on appeal that he was prejudiced by the combined trial.

Epps also argues that the district court erred by instructing the jury it "should" convict him if it found that the State had proved all elements of the crime beyond a reasonable doubt. Epps suggests that the court should instead say that the jury "may" convict the defendant under those circumstances. But the word "should" "does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path." *State v. Allen*, 52 Kan. App. 2d 729, Syl. ¶¶ 4-5, 372 P.3d 432 (2016), *petition for rev. filed* June 6, 2016. Accordingly, our court held in *Allen* and other cases that use of "should" in this instruction is proper. See, *e.g.*, *Allen*, 52 Kan. App. 2d 729, Syl. ¶¶ 4-5; *State v. Cuellar*, No. 112,535, 2016 WL 1614037, at *1-2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* May 23, 2016.

We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Daniel Slabotsky was working as a confidential informant for the Kansas City, Kansas, Police Department in order to avoid facing drug charges. He was addicted to heroin at the time. Slabotsky told police that he knew someone he could buy heroin from and agreed to purchase heroin for the narcotics unit.

On January 24, Slabotsky arranged to meet the seller, Epps, at his house. Slabotsky was wired with an electronic listening device with audio/video recorder and

2

was given money to make the purchase. Officer Shane Wright searched Slabotsky for any money, weapons, or contraband, drove him to the house, and watched him walk inside. Approximately a minute later, Slabotsky returned to the officer's car and handed him a small amount of heroin and $20 in change. Slabotsky identified Epps as the seller. Afterward, Wright searched Slabotsky's pockets for money, weapons, and contraband but found nothing.

The following day, Slabotsky and the police repeated the process because the police wanted to make a second purchase from the same location. Despite the police searches of Slabotsky both before and after each buy, Slabotsky later admitted to keeping some of the heroin for himself on both days by hiding it inside the fly of his pants.

On the 25th, after the second buy, police obtained a search warrant and waited near the house for Epps to return. When Epps arrived, police handcuffed and searched him. During the search, officers found heroin in Epps' right sock. The State charged Epps with two counts of distributing heroin within 1,000 feet of a school and one count of possession of heroin.

At the trial, Epps testified to a different version of the events. He claimed that he had met with Slabotsky on January 23 and 24, not the 24th and 25th as the police alleged. Epps said he had previously bought food-stamp cards from Slabotsky and had met with Slabotsky on the 23rd because he wanted his money back for one of them that did not work. According to Epps, he met with Slabotsky the following day to buy a replacement food-stamp card. Epps testified that he did not live at the house where the meetings took place and that there were others in the home. On cross-examination, Epps acknowledged that police found heroin in his sock.

The jury convicted Epps of one count of possession of heroin but found him not guilty of either count of distribution of heroin within a 1,000 feet of a school. The district court sentenced Epps to 17 months in prison with 12 months of postrelease supervision.

Epps then appealed to our court.

ANALYSIS

Epps' first claim on appeal is that the district court should have held separate trials for the possession-of-heroin charge and the distribution charges. Failing to do so, he argues, denied him due process of law by forcing him to incriminate himself on the possession charge in order to defend against the more serious distribution charges.

But Epps did not raise this issue or otherwise request the charges be tried separately before the district court. The charging document in this case listed all three offenses. Under a criminal-procedure statute, K.S.A. 2015 Supp. 22-3208(3), objections to the charging document for reasons other than its failure to show jurisdiction or charge a crime "may be raised only by motion *before trial*." (Emphasis added.) The Kansas Supreme Court has held that this provision specifically applies to requests for a separate trial when multiple offenses are contained in the charging document, as was the case here; thus, the failure to make that request waives any later objection to the holding of a single trial. *Townsley*, 217 Kan. at 103 (holding that the failure to ask for separate trials in the district court waives the issues); accord *State v. Cleghorn*, No. 90,131, 2004 WL 2238648, at *3 (Kan. App. 2004) (unpublished opinion), *rev. denied* 279 Kan. 1008 (2005).

Interestingly, neither Epps nor the State cites to K.S.A. 2015 Supp. 22-3208(3) or *Townsley*. Instead, both parties debate a separate, general rule appellate courts apply that issues not raised before the trial court cannot be raised for the first time on appeal. *State*

4

*v. Tahah*, 302 Kan. 783, 793, 358 P.3d 819 (2015). The parties discuss and apply the three recognized exceptions to that rule, which allow a new issue to be raised on appeal when: (1) the newly asserted theory involves only a question of law that arises on proved or admitted facts and that would determine the outcome of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the judgment of the district court may be upheld on appeal on other grounds. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Epps asserts that this court should consider his claim for the first time on appeal to prevent the denial of fundamental rights because the failure to separate the charges into two trials forced him to choose between his fundamental right to present a defense and his privilege not to incriminate himself.

The State argues that this exception doesn't apply. In addition, the State argues that even if we consider the issue and find that the district court *should* have ordered separate trials, the error was harmless because the evidence against Epps on the possession charge was overwhelming.

We have concluded that we need not further examine this claim because the State is correct that even if an error was made, it was harmless. Because Epps claims his constitutional right to due process was violated by the failure to have separate trials, we will apply the constitutional harmless-error test: The error is harmless if the State, as the party arguably benefitting from the error, can show beyond a reasonable doubt that the error did not affect the trial's result, meaning that there's no reasonable possibility that the error contributed to the jury's verdict. See *State v. Sherman*, No. 113,105, 2016 WL 4719688, at *14 (Kan. 2016); *State v. Ward*, 292 Kan. 541, Syl. ¶¶ 5-6, 256 P.3d 801 (2011). We believe it's clear that any error here didn't affect the trial's outcome.

The evidence against Epps on the heroin-possession charge was straightforward and unassailable. Six officers were on the scene, armed with a search warrant, when Epps

drove into his driveway. After another officer had gotten Epps out of his car and handcuffed him, Officer Jeff Miskec searched Epps and found what looked like heroin in Epps' right sock. Testing showed it was heroin. So, if Epps had been tried separately for the possession of heroin, what would his defense have been? Even on appeal, he does not suggest one. It simply didn't matter whether the possession-of-heroin claim was tried separately or along with other charges—the State had overwhelming proof of the offense, and Epps had no defense.

Epps raises one other issue—that the district court erred when instructing the jury on reasonable doubt and the burden of proof. Epps complains that the instruction precluded the possibility of jury nullification—the power of the jury "to disregard the rules of law and evidence in order to acquit the defendant based on the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social issue." See *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 4.

Once again, Epps acknowledges that he did not raise this issue in the district court. In this case, that doesn't mean our court can't review it; it just means we apply a more rigorous standard when deciding whether to set aside the jury's verdict and order a new trial: When the defendant doesn't object to an instruction at trial, an appellate court can reverse only if the jury instruction as given was clearly in error. See K.S.A. 2015 Supp. 22-3414(3). In determining whether an instruction is clearly in error, we first consider whether the district court erred at all, which requires reviewing the entire record to determine whether the instruction was legally and factually appropriate. *State v. Williams*, 295 Kan. 506, Syl. ¶ 4, 286 P.3d 195 (2012). If the district court erred, we then consider whether we are firmly convinced that the jury would have reached a different verdict had the instruction error not occurred. *State v. Moore*, 302 Kan. 685, 703-04, 357 P.3d 275 (2015).

6

The instruction Epps challenges was taken from the pattern jury instructions that Kansas trial courts are urged to use. Specifically, Epps challenges the use of the word "should" in the last sentence of the instruction:

> "The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.) PIK Crim. 4th 51.010.

Epps argues that the instruction was not legally appropriate because it precluded the possibility of jury nullification. He contends that the use of the word "should" rather than "may" mandates that the jury find the defendant guilty if it finds that all the elements of the charged crimes were proven beyond a reasonable doubt.

Although Epps is right that jurors in a criminal case *may* disregard the rules of law and the evidence in order to acquit a defendant, the proper duty of a jury is to accept the rules of law given to it as instructions, apply those rules to determine what facts are proven, and render a verdict based on those considerations. *State v. McClanahan*, 212 Kan. 208, 217, 510 P.2d 153 (1973). For those reasons, criminal defendants are not entitled to have the jury explicitly instructed on its inherent power of nullification. *State v. Naputi*, 293 Kan. 55, 66, 260 P.3d 86 (2011) ("It is not the role of the jury to rewrite clearly intended legislation, nor is it the role of the courts to instruct the jury that it may ignore the rule of law, no matter how draconian it might be.").

At the same time, however, jury instructions cannot forbid a jury from exercising its inherent power of nullification. In *State v. Smith-Parker*, the relevant jury instruction read: "'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you *will* enter a verdict of guilty.' (Emphasis added.)" 301 Kan. 132, 163, 340 P.3d 485 (2014). Our Supreme

7

Court concluded the instruction went too far and "essentially forbade the jury from exercising its power of nullification." 301 Kan. at 164. The court concluded that the use of the "must" or "will" amounted to a directed verdict for the State, and "[a] judge cannot compel a jury to convict, even if it finds all elements proved beyond a reasonable doubt." 301 Kan. at 164.

The current pattern instruction differs from the one in *Smith-Parker*. Now, rather than saying that the jury "will enter" a guilty verdict if it finds the State has proven its case beyond a reasonable doubt, the pattern instruction says that the jury "should" find the defendant guilty in that event. With this language, our court has held in several cases that the instruction is proper. See *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 5; *Cuellar*, 2016 WL 1614037, at *1-2; *State v. Hastings*, No. 112,222, 2016 WL 852857, at *4-5 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* April 1, 2016; *State v. Singleton*, No. 112,997, 2016 WL 368083, at *4-6 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 26, 2016; *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). We agree.

As our court recently said in *Singleton*, the word "should" simply doesn't mean "must" or "will":

> "[A]s every teacher instructing a class knows, and as every parent admonishing a child knows, should is less of an imperative than must or will. [Citation omitted.] Nutritionists urge that we all should eat our vegetables. But that does not constitute a directive to have recalcitrant diners force-fed their vegetables if they do not comply. A parent admonishing a child that he should eat his lima beans is clearly less of an imperative than the phrase every child has heard at one time or another, 'You *will* eat your lima beans!' Should as used in this instruction is not the equivalent of 'must' or 'will' . . . . *Should* is advisory. It is not an imperative." *Singleton*, 2016 WL 368083, at *6.

The pattern jury instruction on reasonable doubt—which states that the jury "should find the defendant guilty" if it has no reasonable doubt about the truth of each of the claims the State has to prove—does not impermissibly direct a verdict for the State or take away the jury's inherent power of nullification. The district court did not commit clear error by using this pattern jury instruction.

We affirm the district court's judgment.