**Hubert Vernon HARDIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19880.**

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1963.

Rehearing Denied Dec. 12, 1963.

Henry Gonzalez, Tampa, Fla., for appellant.

Thomas J. Hanlon, III, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

554

GRIFFIN B. BELL, Circuit Judge.

Hardin appeals from a judgment of conviction entered on a jury verdict of guilty under a two-count indictment. The counts charged, respectively, that he transported currency of the United States of the value of mbre than five thousand dollars in foreign commerce, knowing the same to have been stolen, in violation of Title 18 U.S.C.A. § 2314; and that he aided and abetted other persons to take and carry away with intent to steal money exceeding one hundred dollars belonging to Marine Bank and Trust Company of Tampa, Florida, a bank as defined in Title 18 U.S.C.A. § 2113(f), in violation of Title 18 U.S.C.A. §§ 2 and 2113(b).

■ There are four assignments of error. Two have to do with the failure of the trial court to grant motions for mistrial. The first occurred when a witness for the prosecution was permitted to give testimony tending to show the inability of appellant to earn an income for a relevant period of time prior to the commission of the crimes charged in the indictment. This was to be contrasted with his affluence shortly thereafter when he was arrested in Mexico. The witness was the record custodian of the Florida State Penitentiary, and he gave the dates of the confinement of appellant in the Florida State Prison. The court gave a sufficient cautionary instruction in connection with this testimony.[1] It was proper to permit this testimony for the limited purpose under the safeguard of the instruction. See Bartlett v. United States, 5 Cir., 1956, 232 F.2d 135; Montgomery v. United States, 5 Cir., 1953, 203 F.2d 887; and Capone v. United States, 7 Cir., 1931, 51 F.2d 609. Appellant was arrested in Mexico City with large sums of money on his person, in his apartment, and in a bank account there. The prosecution was attempting to show by this and other evidence that he was impecunious a short time before. Cf. Gill v. United States, 5 Cir., 1961, 285 F.2d 711 and Self v. United States, 5 Cir., 1957, 249 F.2d 32.

■ The other motion for mistrial was based on the fact that appellant was seen by jurors on the elevator in handcuffs being taken to and from the courtroom. It was contended that this created such prejudice in the minds of the jurors against appellant that a fair and impartial trial could not be insured. The trial judge took testimony concerning this phase of the trial from appellant and from the United States Marshal, and offered to grant a cautionary instruction in regard to it. The offer was refused. Appellant did not appear in the courtroom in handcuffs when the jury was present. A request earlier made that the three jurors involved be interrogated as to their ability to render a fair and impartial verdict in spite of their view of appellant in handcuffs was not pursued, although three jurors were involved, and there were three alternate jurors available. There was no showing of prejudice and we do not think that it was error for the trial judge to deny the motion. See Way v. United States, 10 Cir., 1960, 285 F.2d 253; Cwach v. United States, 8 Cir., 1954, 212 F.2d 520; McDonald v. United States, 8 Cir., 1937, 89 F.2d 128, 136; and Blaine v. United States, 1949, 78 U.S.App.D.C. 64, 136 F.2d 284.

■ Another assignment of error is based on the contention that the trial court abused its discretion in the appoint-

1. The court instructed the jury as follows in this connection:
"Members of the jury, at this time the Court wishes to advise you and instruct you that the Court has permitted this witness to testify and his testimony should be received by you only as it relates to the issue of the occupation and earning capacity of the defendant during the period to which this witness testified. His testimony was not admitted in connection with the character of the defendant. The character of the defendant in this trial is not at issue and this testimony of this witness should not be taken by you as relating to the character of the defendant. I want you to understand that and consider that testimony in that light only, that is, if it relates only to the occupation, that is, the earning capacity of the defendant during the period testified to."

ment of an unqualified interpreter for the purpose of interpreting material testimony, thereby depriving appellant of a fair and impartial trial and of his right to proper cross-examination. Assuming but not deciding that an objection was lodged with the court in this regard, we have carefully reviewed the testimony and the proceedings where the interpreter was used and are of the firm opinion that there was no abuse of discretion. See Lujon v. United States, 10 Cir., 1953, 209 F.2d 190; and annotation, 172 A.L.R. 923, 941, Note c.

The last contention is that the court erred in denying a motion to suppress as evidence the money taken from the person and the apartment of appellant in Mexico as having been taken in violation of rights guaranteed by the Fourth Amendment in that the seizure was illegal. This depends on whether the arrest was illegal. The trial judge heard the facts and held that there was insufficient evidence of an illegal arrest.

A statement of the facts and the inferences which may be fairly drawn from them indicates that the court was not in error. The Mexican law on the subject was not offered. There was no contention that the Mexican police were not empowered to arrest without a warrant upon probable cause. Appellant was at least detained, if not arrested, by Mexican police while in the company of a Mexican guide, employed by him, and two females in Mexico City. They were at the time in the hall of the apartment building in which appellant resided. The police had a bulletin showing him as a suspect in connection with a robbery in Tampa, Florida, and also a picture of him. They showed the picture to the guide and asked him if he knew the person depicted. Appellant was using the assumed name in Mexico of Milton Lucas Garcia. The guide immediately said that it was appellant. Thereupon appellant was taken into his apartment, searched for arms and then carried to the police station. He told the police that the funds on his person, four thousand six hundred and fifteen dollars found on a search at the station, were obtained from robberies in the United States. The police then found something over ten thousand dollars in additional funds in his apartment. A representative of the American Embassy was present at the police station to help appellant as an American citizen. Appellant was later taken by the Mexican Immigration Service to the Mexican-American border and was there arrested by federal officers pursuant to a warrant.

The burden was on appellant to prove the facts necessary to sustain the illegal arrest in Mexico. Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; White v. United States, 5 Cir., 1952, 194 F.2d 215; and Wilson v. United States, 10 Cir., 1955, 218 F.2d 754. He failed under these facts to carry the burden of showing such lack of probable cause as to render the arrest illegal, and thereby to subject the money to suppression as having been improperly seized.

No prejudicial error appearing, the judgment appealed from should be, and it is affirmed.