**William Leroy WRIGHT,
Petitioner-Appellee,**

v.

**The STATE OF TEXAS,
Respondent-Appellant.**

No. 75–2638.

United States Court of Appeals, Fifth Circuit.

June 9, 1976.

Mark Perlmutter, Asst. Atty. Gen., Robert E. DeLong, Jr., John L. Hill, Atty. Gen., Austin, Tex., for respondent-appellant.

Robert W. Minshew, Sherman, Tex. (Court-appointed), for petitioner-appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The State of Texas appeals from the district court's grant of a writ of habeas corpus to William Leroy Wright. Wright had been convicted of murder with malice in 1957 by a Texas jury. Sentenced to a term of 99 years, he had been released on parole

at the time the district court granted the writ, but he had informed the court that he desired to pursue his claim, despite his release. *See Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *McDaniel v. Sheriff of Dallas County*, 445 F.2d 851 (5th Cir. 1971). Of the issues presented by the petitioner, the district court seriously considered two: (1) that Wright was "shackled" or handcuffed in view of the jury, and (2) that Wright was forced to stand trial in "jail clothing."

As to the jail clothing, the district court found no constitutional error on the ground that the clothes Wright wore were not shown to be typical of and recognizable as "jail clothes" and that his presumption of innocence was not infringed. This ruling seems to have been eminently correct, especially in view of the recent Supreme Court opinion of *Estelle v. Williams*, —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126, 44 U.S.L.W. 4609 [1976], which held that the right not to be tried in jail clothing is waived unless preserved by objection to the court at time of trial.

To the allegation that Wright was "shackled" or handcuffed in view of the jury, the district court made the following findings:

(1) It has not been shown that any juror or potential juror saw petitioner in leg-irons or shackles, if they were used.

(2) It has not been shown that the jury, as finally selected, viewed petitioner in handcuffs during the trial.

(3) Petitioner has demonstrated that during the selection of the jury, the special veniremen were permitted to view him while he was handcuffed.

The court held that there was a significant possibility that among those veniremen who viewed Wright in handcuffs were persons eventually selected to sit on the panel. The court then found that the state had failed to justify permitting petitioner to be viewed by potential jurors in handcuffs on several occasions. It further found that there was no demonstration by the state that the trial judge was made aware of the handcuffing of the petitioner, and "it has not been shown that the decision to have the petitioner handcuffed in the courthouse was an exercise of the court's discretion." The court found a violation of due process of law, which was not harmless error, and granted a writ of habeas corpus.

We have consistently held that a brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial and requires an affirmative showing of prejudice by the defendant. *United States v. Bankston*, 424 F.2d 714 (5th Cir. 1970); *Hardin v. United States*, 324 F.2d 553 (5th Cir. 1963). Other courts have reached the same result. *United States v. Rickus*, 480 F.2d 919 (3rd Cir.), *cert. denied*, 414 U.S. 1006, 94 S.Ct. 365, 38 L.Ed.2d 243 (1973); *United States v. Crane*, 499 F.2d 1385 (6th Cir.), *cert. denied*, 419 U.S. 1002, 95 S.Ct. 322, 42 L.Ed.2d 278 (1974); *United States v. Leach*, 429 F.2d 956 (8th Cir. 1970); *United States v. Figueroa-Espinoza*, 454 F.2d 590 (9th Cir. 1972); *Yates v. United States*, 362 F.2d 578 (10th Cir. 1966); *Blaine v. United States*, 78 U.S.App.D.C. 64, 136 F.2d 284 (1943).

We think that the grant of the writ of habeas corpus and the findings of the trial judge must be reversed for two reasons. First, where there is no proof that any juror saw the petitioner in handcuffs, the petitioner has failed to carry his burden to show that he was prejudiced in any significant manner. A "significant possibility" is not sufficient to carry the petitioner's burden of demonstrating the necessary fact by a preponderance of the evidence.

Second, coupling our decision in *Hardin v. United States, supra*, with the recent Supreme Court case of *Estelle v. Williams, supra*, we think that the petitioner waived error by failure to either examine the jurors for the purpose of excluding from the jury panel any members who may have viewed him in handcuffs, or to request an instruction from the court that handcuffs are no indication of guilt.

In *Hardin* our Court held that a defendant seen on an elevator by jurors was not entitled to a reversal of his convic-

tion where the defense refused an offer of cautionary instruction and decided not to interrogate jurors as to possible prejudice. In *Estelle v. Williams, supra,* the Supreme Court held that although a trial in jail clothes is inherently prejudicial, a defendant cannot obtain release where he has not objected at the time of trial. We glean from this latest Supreme Court case that courts should not release state prisoners on a writ of habeas corpus because of jurors seeing a defendant in a situation which might negate the presumption of innocence, unless the defendant has taken the steps at trial which might eliminate any possible prejudice.

It cannot be said that state officers act unreasonably in handcuffing a defendant being transported to and from the courtroom, especially when, as here, the defendant was charged with murder with malice. The inadvertent view by a juror of the defendant in such a situation cannot be said to be so inherently prejudicial as to be incapable of correction had the defendant made a timely objection. It must be assumed that rational jurors would understand and follow a proper instruction that handcuffing persons in custody for transportation to and from the courtroom is a reasonable precaution that in no way reflects upon the presumption of innocence or the individual propensities of any defendant. There is no indication in this record that Wright's jurors were otherwise inclined.

The judgment of the district court granting a writ of habeas corpus is reversed.

REVERSED.