UNITED STATES of America, Appellee,

v.

Stanley Allen DIAMOND, Appellant.

UNITED STATES of America, Appellee,

v.

Carlos MARTINEZ, Appellant.

Nos. 75–1683, 75–1684.

United States Court of Appeals,
Fourth Circuit.

Argued July 15, 1977.

Decided Sept. 13, 1977.

Grant A. Richardson, Richmond, Va. (Joseph S. Bambacus, Bambacus & Associates on brief), for appellant in 75–1683.

Dennis P. Brumberg, Richmond, Va. (Tommy P. Baer, Clarence B. Neblett, Jr., Baer, Neblett & Heller, Richmond, Va., on brief), for appellant in 75–1684.

William B. Cummings, U. S. Atty., Richmond, Va. (Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and YOUNG,* District Judge.

PER CURIAM:

Stanley A. Diamond and Carlos Martinez were convicted of theft from an interstate shipment, in violation of 18 U.S.C. §§ 659 and 2, and use of a firearm to commit this felony, in violation of 18 U.S.C. §§ 924(c)(1) and 2. Each defendant was sentenced to consecutive eight-year terms on each count under 18 U.S.C. § 4208(a)(1), with parole eligibility fixed at service of one-third of each sentence. Both appeal. We affirm both convictions but vacate the sentences imposed, directing that the defendants be resentenced by a different district judge.

### I.

Going to the validity of their convictions, defendants contend that they were denied the effective assistance of counsel when the district court, on the eve of trial, permitted the government to try them on a superseding indictment and declined to grant them a continuance. We see no merit in the contention. The original indictment charged that they "did willfully and unlawfully take and carry away from a motor truck, with intent to convert to their own use, goods and chattels, etc." This indictment did not identify the owner of the interstate shipment, but it did describe the goods as 1,104 cases of cigarettes. When defendants assailed this indictment for failure to charge an offense, the superseding indictment was substituted. It charged that defendants "did willfully *steal* and unlawfully take and carry away, etc." (new matter emphasized), and it described the cigarettes as part of an interstate shipment "from the R. J. Reynolds Tobacco Company of Winston-Salem, North Carolina," being transported in Virginia by a named trucker.

■ We think the differences between the two indictments so insignificant that no unfairness was visited on defendants, nor

* United States District Judge for the District of Maryland, sitting by designation.

was the denial of a continuance an abuse of discretion. The addition of "steal" was simply a restatement of the earlier "unlawfully take and carry away." The first indictment, legally sufficient under *United States v. Spivey*, 448 F.2d 390, 391 (4 Cir. 1971), *cert. denied*, 405 U.S. 927, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972), could hardly be read to allege that the cigarettes were not owned by someone other than defendants. The addition of the identity of R. J. Reynolds Tobacco Company and that of the trucker supplied nothing that could not have been obtained by a demand for particulars of the original indictment had that information been necessary to enable defendants to prepare their defense.

■ Similarly, we see no merit in defendant's contention that the district court's order amending their bail by requiring a surety, entered at the end of the first day of their trial, was a punitive measure and resulted in denial of their right to counsel because they were unable to fulfill the conditions of the order immediately and spent that one night incarcerated and thus unable to have unrestricted access to their counsel. The district court had grounds to grant the government's request that a modified bail order be entered. It is regrettable that defendants were unable to obtain a surety that night, but since there was a basis on which to modify bail, that is a complete answer to the contention. Moreover, we cannot say that counsel unavailingly exerted their best efforts to obtain a surety, or that counsel exhausted their efforts to consult with their clients at the place that defendants were incarcerated or in court the next morning before the trial resumed.

■ Finally, we do not think that the district court was required to declare a mistrial because a juror inadvertently saw defendant Diamond in handcuffs during the course of the trial, since neither defendant has shown actual prejudice. *Wright v. State of Texas*, 533 F.2d 185, 187 (5 Cir. 1976); *United States v. Leach*, 429 F.2d 956, 962–63 (8 Cir. 1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971); *Gregory v. United States*, 365 F.2d 203, 205 (8 Cir. 1966), *cert. denied*, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967); *Way v. United States*, 285 F.2d 253, 254 (10 Cir. 1960). *See also Corley v. Cardwell*, 544 F.2d 349, 352 (9 Cir. 1977), *cert. denied* (1977) 429 U.S. 1048, 97 S.Ct. 757, 50 L.Ed.2d 763.

## II.

In sentencing defendants, who were nonresidents of the district in which they were tried and in which the crime was committed, the district judge stated:

> I don't know that—I suppose you have a constitutional right to commit a crime wherever you want to commit it. But the Court takes a dim view of people coming down from New York to commit their crimes in Virginia.
>
> Now, I suppose that that is grounds for appeal, but I will state it right for the record. If they want to live and have their being in the State of New York, then let them have their source of a livelihood in the State of New York.
>
> If that livelihood is crime, then commit it up there . . . .."

■ From our examination of the record, we are persuaded that the district judge exhibited no bias during defendants' jury trial, but we conclude that the quoted comments ineluctably reflect bias in sentencing. The inference that the district judge considered as a factor in sentencing the fact that defendants who committed a crime within the district in which he presided were nonresidents is inescapable. We cannot permit a district judge who is an officer of a national judicial system and who is enforcing a national criminal code to be moved by such considerations of parochialism in imposing sentences. We therefore vacate the sentences and remand the cases with directions that defendants be resentenced before a different district judge of the district.

CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED.