STATE OF HAWAII, Plaintiff-Appellant, *v.* BENJAMIN REVERIO, also known as Benjamin Reverio, Sr., Defendant-Appellee

NO. 6411

JUNE 1, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
AND RETIRED JUSTICES MARUMOTO AND
KOBAYASHI, ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the State of Hawaii from an order of the Circuit Court of the First Circuit granting an oral motion of defendant Benjamin Reverio for dismissal, with prejudice, of an indictment charging him with commission of robbery in the first degree.

Defendant was indicted on September 3, 1975. He was arraigned, and pleaded not guilty, on September 12, 1975, at which time the case was set for trial during the week of November 24, 1975.

Subsequently the trial date was reset from time to time, because of congestion in the court calendar, and was finally set for November 29, 1976.

In the meantime, on July 9, 1976, defendant moved for dismissal of the indictment on the grounds that "the delay of the government in prosecuting the . . . case was unreasonable and prejudicial to Defendant and violated his constitu-

tional rights to a speedy trial and due process of law." The court denied the motion on August 3, 1976, stating that "Defendant has made no showing of prejudice to his preparation for trial." On August 16, 1976, defendant moved for reconsideration of the denial of his motion to dismiss. That motion was denied on October 1, 1976.

On November 29, 1976, the court convened at 10:00 o'clock in the morning to commence the trial of the case, with counsel for the State, defense counsel, and defendant in the courtroom, but not the jury.

At that time, the trial jury had not yet been selected. Before the jury panel was called into the courtroom, defense counsel moved for dismissal of the case, and adduced from Peter Piena, the court bailiff, the testimony summarized below.

Before the trial date, defendant was incarcerated in Hawaii State Prison. On November 26, 1976, pursuant to court instruction, Piena telephoned the State prison, asked the operator for control, spoke to someone in control whose name he did not remember, and told him that the court wanted defendant to be brought into the courtroom at 8:30 o'clock in the morning of November 29, properly dressed, with all shackles removed in front of the court building.

At 8:30 o'clock in the morning of November 29, when Piena had just about completed explaining sundry matters relating to jury service to approximately 30 prospective jurors in the courtroom, a prison guard came halfway into the courtroom with defendant in handcuffs and leg irons. Piena immediately told the guard that he wanted defendant out of the courtroom, inasmuch as his message to the prison control was that all shackles were to be removed at the front end of the building. When defendant was taken out of the courtroom, in addition to the prospective jurors in the courtroom, there were some prospective jurors sitting on the bench in the corridor of the building.

In moving for dismissal of the case, defense counsel argued that there was no justification for bringing defendant into the courtroom in shackles, and, in the light of the circumstances, it was within the discretion of the court to presume

prejudice to defendant, citing *State v. Hashimoto*, 46 Haw. 183, 377 P.2d 728 (1962), as supporting authorities. In response, counsel for the State took the position that there was no showing that defendant was prejudiced by being seen by prospective jurors in shackles, but requested that the trial of the case be continued for the summoning of a new jury panel to avoid the question of prejudice.

The court granted the defense motion for dismissal, and denied the State motion for continuance, with the following statement:

> In order for us to impanel a new batch of jurors, we would have to continue the matter. The court feels this would be prejudicial to the defendant's right to a speedy trial. With respect to the motion to dismiss, the court in view of the specific instructions relayed to the prison, with respect [to] the method in which the prison authorities are to have prisoners brought to court, absent any showing that there is any need for shackles to be placed or kept on the defendant during or the period prior to trial, there is really no excuse for this morning's method of bringing the defendant into the court.
>
> While there is nothing that shows with respect to the record regarding prejudice by the jurors, in order to determine that we would have to examine the situation with each of the jurors and we would probably end up impaneling, being required to impanel a new jury.
>
> Motion to dismiss will be granted with prejudice.

The foregoing statement shows that the court granted the defense motion to dismiss, with prejudice, not because there was a showing of prejudice against defendant, but because the court was displeased with the failure of prison officials to comply with its instructions, and such failure posed a likelihood that a new jury panel might have to be called, thus delaying the commencement of the trial.

Implicit in the statement of the court was its recognition of the rule that a momentary observation of defendant in shackles by prospective jurors did not raise a presumption of prejudice.

*State v. Hashimoto, supra,* a case cited by defense counsel, states the rule as follows: "That some jurors admitted seeing handcuffed defendants does not, *ipso facto,* raise a presumption of prejudice."

The following Federal cases, among others, also state that a brief and fortuitous observation of defendant in shackles by jurors is not prejudicial, and requires an affirmative showing of prejudice by defendant. *Wright v. Texas,* 533 F.2d 185 (5th Cir. 1976); *United States v. Leach,* 429 F.2d 956 (1970).

The question of prejudice on the part of prospective jurors could have been determined by voir dire. But the court did not proceed with voir dire on the surmise that voir dire would exhaust the jury panel which had been summoned for the trial and would necessitate the calling of a new panel, with incidental delay in the commencement of the trial.

Such surmise was not a valid basis for dismissal of the case. The court should have proceeded with voir dire. If, in the course of voir dire, the jury panel should be exhausted, then additional veniremen could have been summoned without any significant delay.

In jury trials in the circuit courts of the First Circuit, when jury panels are exhausted by disqualifications or challenges, additional veniremen are summoned with a minimum of delay, within one day or possibly two days.

Delays due to such causes do not violate the requirement of speedy trial in criminal cases. *Sample v. State,* 138 Ala. 259, 36 So. 367 (1903).

Reversed.

*J. Leo McCormick, Jr., (Cora K. Lum* on the briefs), Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Lorna Nishimitsu (Marie N. Milks* on the brief), Deputy Public Defenders, for defendant-appellee.