885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lee PROCTOR, Defendant-Appellant.
 No. 89-5522.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 21, 1989.
Decided Sept. 8, 1989.
 
 John Paul Woodley, Jr., Woodley, Simon & Woodley, on brief for appellant.
 Henry E. Hudson, United States Attorney, N.G. Metcalf, Assistant United States Attorney, on brief for appellee.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas Lee Proctor appeals the sentence imposed after he plead guilty to four counts of a twenty count fraud indictment. Because we find that the district court did not abuse its discretion in sentencing defendant, we affirm the judgment of the district court.
 
 
 2
 On September 19, 1988, defendant was indicted on twenty counts alleging violations of 18 U.S.C. Secs. 1341 and 1343 (mail and wire fraud) and 42 U.S.C. Sec. 408(h) (false social security number). Pursuant to a plea agreement with the government, defendant entered guilty pleas on one count of mail fraud, two counts of wire fraud, and one count of use of a false social security number. Defendant faced a maximum of twenty years imprisonment based on his guilty pleas to the four counts. See 18 U.S.C. Sec. 1341 (maximum sentence five years); id. Sec. 1343 (maximum sentence five years); 42 U.S.C. Sec. 408(h) (maximum sentence five years).* The district court sentenced defendant to five years on the mail fraud count and suspended sentence on the other three counts, placing defendant on probation for three concurrent five year terms, to commence upon release from imprisonment.
 
 
 3
 Defendant does not challenge the length of the sentence imposed per se. See Dorszynski v. United States, 418 U.S. 424, 440-41 (1974) (sentence within statutory limitations generally not subject to appellate review); United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985) (sentence within statutory limitations reviewed only in "extraordinary circumstances"). Instead, defendant contends that the district court erred in considering impermissible matters in sentencing. Specifically, defendant argues that statements made by the court at the sentencing hearing indicate that the court penalized defendant for crimes that could have, but did not, occur, and that the court sought to reward federal law enforcement authorities for their efficient actions in apprehending defendant by imposing a stiff sentence. Defendant points to the following language:
 
 
 4
 Mr. Proctor threw out a large net designed to catch multiple victims, and ... the process started and was ongoing. But for the quick and efficient actions of the FBI, there would be more victims for us to feel sorry for today.
 
 
 5
 Joint Appendix at 31.
 
 
 6
 An appellate court will review to ensure that a sentence was not based on "misinformation of constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447 (1972); see Blair v. United States, 665 F.2d 500, 508 (4th Cir.1981) (citing Tucker ). Misinformation or unfounded assumptions concerning material facts underlying a sentence may be sufficient to render the sentencing procedure invalid. United States v. Powell, 487 F.2d 325, 328 (4th Cir.1973). While the district courts have unlimited discretion in sentencing to consider defendant's background, character, and conduct, 18 U.S.C. Sec. 3661; see United States v. Foutz, 865 F.2d 617, 620 (4th Cir.1989), we must vacate a sentence which reflects reliance on impermissible factors, e.g., United States v. Diamond, 561 F.2d 557, 559 (4th Cir.1977) (sentence reflecting bias against nonresidents vacated).
 
 
 7
 We find no inference that the district court's sentence was based on misinformation, unfounded assumptions, or impermissible factors. The district court considered only information relevant to this defendant, especially the seriousness of the crime and his prior criminal record. J.A. at 31; see United States v. Wise, 603 F.2d 1101, 1106 (4th Cir.1979) (district court may consider defendant's prior criminal record in sentencing). The court's commendation of the efficiency of the FBI raises no inference of bias, but rather reflects only the fact that defendant was quickly apprehended.
 
 
 8
 For the foregoing reasons, the judgment entered by the district court following imposition of sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The crime occurred before the effective date of the application of the sentencing guidelines. See 18 U.S.C. Sec. 3551; United States Sentencing Commission, Guidelines Manual p.1.1 (1987)