**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES EDWARD BLUE,
Plaintiff-Appellant,

v.

ROBERT BIGOS, Officer; GREGORY
WOODLON, Officer; DORSEY

No. 95-6895

MCVICKER, Officer; MARLENE
GREEN; KELVIN SEWELL, Officer;
KEITH TIEDEMANN, Sergeant; DAVID
CHEUVONT, Officer; PATRICIA SMITH,
Officer,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-93-1471-N)

Submitted: May 28, 1996

Decided: June 7, 1996

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Edward Blue, Appellant Pro Se. Robert Charles Verderaime,
VERDERAIME & DUBOIS, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Edward Blue appeals from a jury verdict finding for the Defendant police officers in his 42 U.S.C. § 1983 (1988) action alleging excessive force. On appeal, Blue claims (1) the district court improperly refused to excuse certain jurors who had relationships to police officers; (2) the court erred by admitting testimony concerning his prior criminal history; (3) the court erred by admitting evidence seized from his home after his arrest; (4) the court improperly instructed the jury about § 1983 liability; and (5) the jury was prejudiced against him because a juror saw a marshal remove Blue from the courtroom in handcuffs. Finding no error, we affirm.

First, we review a district court's refusal to excuse a juror for cause for manifest abuse of discretion. Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989) (holding that trial court did not err by refusing to strike for cause a juror who was the defendant's patient and juror who was a defendant in a similar suit). A juror is presumed impartial, and the existence of a preconception is insufficient to rebut the presumption if the juror can "`lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" Id. at 221 (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)). Here, each of the jurors stated during voir dire that they could be impartial despite their relationships, and it is within the district court's sound discretion to assess the credibility of those statements. 874 F.2d at 222. The district court found the statements credible, and Blue offers no basis on which to find the court abused its discretion.

Second, we review a district court's evidentiary decisions for a clear abuse of discretion, United States v. Ham , 998 F.2d 1247, 1252 (4th Cir. 1993), and afford the court great deference in its decisions to admit or exclude evidence. United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.), cert. denied, 488 U.S. 908 (1988). Absent "ex-

2

traordinary circumstances," this court will not interfere with the trial court's decisions. 844 F.2d at 1078. As to Blue's allegation that the district court erred by admitting evidence of his prior conviction, the claim lacks a factual basis because the prosecution did not ask Blue about the conviction. As to the introduction of contraband seized from his house after his arrest, the evidence was relevant and its probative value outweighed its potential for unfair prejudice because it tended to prove Defendants' theory that Blue fired at them to prevent them from finding the evidence. See FED. R. EVID. 401, 403. Additionally, Defendants' theory also helped explain the reasonableness of their actions upon arresting Blue. Because the evidence was of direct relevance to Defendants' defense, and because such evidentiary decisions are soundly within the trial court's discretion, the district court's evidentiary rulings were not erroneous.

Third, the court instructed the jury that Blue had to prove "that the defendants' acts were the proximate cause of the injuries and consequent damage sustained by the plaintiff." Blue claims that proximate cause is not an element of § 1983 liability. However, proximate cause is part of a § 1983 plaintiff's burden. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3222, and 63 U.S.L.W. 3257 (U.S. Oct. 3, 1994) (Nos. 93-1893, 94-9). Additionally, Blue claims the court's instructions about injury could mislead the jury into believing it could not award nominal damages. However, the claim is meritless because the court instructed the jury that it could elect to award only nominal damages if it failed to find that Blue's claims had a monetary value.

Finally, we review for plain error Blue's claim that the jury was prejudiced against him after a juror saw him in handcuffs and told another juror about it. United States v. Olano , 507 U.S. 725 (1993). Blue's claim is without merit because he fails to show actual prejudice. See United States v. West, 877 F.2d 281, 293 (4th Cir. 1989), cert. denied, 493 U.S. 869 (1989), and 493 U.S. 959 (1989), and 493 U.S. 1070 (1990); United States v. Allen, 561 F.2d 557, 559 (4th Cir. 1977). The jurors told the court that the incident would not affect their ability to render an impartial verdict, and such statements are presumed true. See Poynter, 874 F.2d at 221.

Accordingly, we affirm the jury verdict. We dispense with oral argument because the facts and legal contentions are adequately pres-

3

ented in the material before the Court and argument would not aid the decisional process.

AFFIRMED

4