**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4741

HENRY STEVENS, a/k/a Henry M.
Stephens,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-136)

Submitted: March 11, 1997

Decided: March 27, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elgine H. McArdle, PHILLIPS, GARDILL, KAISER & ALT-
MEYER, Wheeling, West Virginia, for Appellant. William D. Wil-
moth, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Stevens appeals his jury conviction for conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994), and distributing crack cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (1994). Stevens claims that insufficient evidence supports his conspiracy conviction, that the government deprived him of a fair trial, and the trial court erred in denying his two motions for mistrial. We affirm.

We find that the government presented sufficient evidence from which a reasonable jury could determine that he joined a conspiracy to distribute crack cocaine prior to his eighteenth birthday with Shawn Stanton and others and that this same conspiracy continued after Stevens became eighteen years old. We thus reject his argument based on United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984).

Stevens also contends that the government deprived him of his right to a fair trial when, minutes before trial, it changed the identity of speakers in the transcript of the tape recording of a drug transaction which formed the basis for the distribution count. Because the tape recording itself was timely disclosed, we find this case distinguishable from the one relied upon by Stevens, United States v. Ible, 630 F.2d 389, 397 (5th Cir. 1980). The trial court gave the jury a limiting instruction which made clear that the tape recording itself was the evidence in the case and not the transcript. The court also gave Stevens the opportunity to submit a different transcript, and Stevens cross-examined the government's witness to the transaction. We find no denial of a fair trial under these circumstances.

Finally, we find no abuse of discretion in the trial court's denial of Stevens' motions for mistrial. We find no error in the district court's conclusion that Stevens had not shown any prejudice resulting from

2

his momentary appearance in the courtroom in handcuffs as the jury was being admitted into the room. See United States v. Diamond, 561 F.2d 557, 559 (4th Cir. 1977) (per curiam) (requiring prejudice). Similarly, we find no abuse of discretion in the trial court's denial of his motion for mistrial due to the probation officer's statement during her testimony that Stevens had been incarcerated in Georgia. The jury knew that Stevens had been detained in juvenile detention centers, the statement resulted from defense counsel's question, and the trial court gave a limiting instruction for the jury not to consider the portion of the testimony regarding incarceration.

For all of these reasons, we affirm Stevens' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3