122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony LOGAN, Plaintiff-Appellee,
v.
James GOMEZ and Jerry S. Steiner, Defendants-Appellants.
 No. 97-15445.
 United States Court of Appeals, Ninth Circuit.
 Aug. 20, 1997.
 
 1
 Appeal from the United States District Court Northern District of California, No. CV-93-20936-JW; James Ware, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellants, James Gomez, Director, California Department of Corrections, and Jerry Steiner, Warden (hereinafter collectively referred to as "appellants"), appeal the United States District Court's granting of Anthony Logan's petition for writ of habeas corpus and order that Logan be retried within 60 days or released from custody. The district court's decision is affirmed in part and reversed in part.
 
 
 5
 This court reviews a trial court's decision to shackle a defendant during trial under an abuse of discretion standard. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990). This court reviews de novo the district court's ultimate decision to grant or deny a petition for habeas corpus. Id.
 
 
 6
 This circuit's prior ruling in this case is not the law of the case for the following reasons. See Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944, 949 (C.D.Cal.1996). The prior panel did not decide that in this specific instance the jury's verdict was affected by Logan's shackling. Rather, the prior panel remanded the case in order for an evidentiary hearing to be held to determine whether Logan was prejudiced by the shackling. Additionally, new issues are raised on this appeal that were not addressed in the previous appeal.
 
 
 7
 Anthony Logan ("Logan") preserved his right to appeal on this constitutional issue by properly objecting at trial to being shackled before the jury. The failure to make an objection to the trial court on constitutional grounds will negate the opportunity to raise the issue subsequently on appeal. See Estelle v. Williams, 425 U.S. 501, 512-513, 96 S.Ct. 1691, .1697 (1976); Wright v. Texas, 533 F.2d 185 (5th Cir.1976). Logan preserved this issue for appeal in the following ways. In a pretrial limine hearing on January 16, 1991, Logan's counsel stated that he did not want Logan shackled in front of the jury. The issue was also raised, though not addressed on the merits, at Logan's state-court appeal. Most importantly, hearings were conducted on the first and second days of trial to determine whether shackling was appropriate for Logan under the circumstances. Language from the hearings indicates that Logan's counsel did, in fact, make the appropriate objections. See Appellee's Supplemental Excerpts of Record at Bates numbers 013-015, 019, 028-029, 032, and 061. Requiring Logan's counsel to literally proclaim "I object to my client being shackled in front of the jury" amounts to requiring the use of what this court would deem "magic words" to preserve this issue for appeal. The court is not prepared to uphold such a rule. The record, read as a whole, indicates that Logan did object to his shackling, thereby, preserving the issue for appeal.
 
 
 8
 In order to justify shackling a defendant, "[f]irst the court must be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints." Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir.1994). Assuming, without deciding, that the trial court was justified in the use of restraints in this case, the court did not pursue less restrictive alternatives before restraining Logan in shackles for approximately forty minutes in full view of the jury venire. Additionally, the court finds that such shackling "had a substantial or injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 1714 (1993). It is clear that the jury venire 's perception of Logan shackled for forty minutes in plain view was not harmless error. See United States v. Olano, 62 F.3d 1180, 1190 (9th Cir.1995), cert. denied, 117 S.Ct. 303 (1996)(a claim of unconstitutional shackling is subject to harmless error analysis).
 
 
 9
 Accordingly, the district court's granting of Logan's petition for writ of habeas corpus is AFFIRMED IN PART AND REVERSED IN PART. The State of California is granted 120 days from the filing of this memorandum to provide Logan with a new trial. A conditional writ of habeas corpus shall issue, releasing Logan from custody, if Logan is not retried within 120 days of the filing of this memorandum.
 
 
 
 **
 The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3