United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50456
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRVIN LEWIS DUKES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-215-1-OG
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Irvin Lewis Dukes appeals his conviction and sentence for conspiring to possess with intent to distribute more than five kilograms of cocaine, aiding and abetting the possession of more than 500 grams but less than five kilograms of cocaine, and aiding and abetting the carrying, possessing, brandishing, and discharging of a firearm during a drug-trafficking offense. Given that no evidence exits that jurors saw Dukes handcuffed, and in light of the district court's curative instruction, the district court did not abuse its discretion when it denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dukes's motion for a mistrial. See United States v. Solis, 299 F.3d. 420, 441-42 (5th Cir. 2002); United States v. Honer, 225 F.3d 549, 555-56 (5th Cir. 2000); Hardin v. United States, 324 F.2d 553, 554 (5th Cir. 1963).

Dukes's argument that the evidence was insufficient to convict him of conspiracy to possess with intent to distribute five kilograms of cocaine is unavailing. Detective Brittain's testimony provided evidence of a knowing and voluntary agreement between two or more people to violate federal narcotics laws. See United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996). Dukes's argument that the verdict is irreconcilable with the district court's sentence, which was based on only two kilograms, fails because the Government was not required to prove that Dukes was reasonably capable of producing the cocaine that he agreed to deliver. See United States v. Turner, 319 F.3d 716, 721-22 (5th Cir. 2003); Gonzales, 79 F.3d at 423.

Dukes's argument that his sentence must be reversed in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), is raised for the first time on direct appeal and is, therefore, reviewed for plain error. See United States v. Cotton, 535 U.S. 625, 631, 32 (2002); United States v. Mares, ___ F.3d ___, No. 03-20135, 2005 WL 503715 at *7 (5th Cir. Mar. 4, 2005). Dukes fails to establish plain error because he fails to carry his burden of demonstrating that he would have received a different sentence

had he been sentenced under the <u>Booker</u> advisory Guidelines regime rather than the pre-<u>Booker</u> mandatory regime.  <u>See</u> <u>Mares</u>, 2005 WL 503715 at *9.

De novo review of Dukes's argument that the district court erred when it increased his offense level under U.S.S.G. § 3A1.2(b)(1) reveals that it is unavailing in light of Officer Litton's testimony.  <u>See</u> <u>United States v. Villegas</u>, ___ F.3d ___, 2005 WL 627963 at ** 4-5 (5th Cir. Mar. 17, 2005); <u>United States v. Ortiz-Granados</u>, 12 F.3d 39, 42 (5th Cir. 1994).  Dukes's argument that the district court's application of U.S.S.G. § 3A1.2(b)(1) constituted double counting in violation of the Double Jeopardy Clause also fails.  <u>See</u> <u>United States v. Hudson</u>, 522 U.S. 93, 98 (1994).

AFFIRMED.