# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40939
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEAN CARLOS FRANCISCO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-1034

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jean Carlos Francisco challenges his 30-month sentence imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends his sentence is procedurally and substantively unreasonable because the court improperly considered, and gave significant weight to, a domestic-battery arrest, for which the charge was dismissed for lack of sufficient evidence. He

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

maintains that arrest is not reliable evidence he was guilty of the conduct described.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

At sentencing, Francisco made a general objection to the excessiveness of the sentence, and for the court's failing to adequately explain the reasons for it. When the court noted Francisco had made "blanket objections" and asked for clarification, he noted the court had been aware of his "background" at the first sentencing, but did not raise the assertions he now presents on appeal. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction").

Accordingly, we review only for plain error. *E.g., United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Under this standard, Francisco must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, our court has discretion to correct the reversible plain error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

No. 15-40939

Francisco cites no authority supporting his contention that a statement within a Pre-sentence Investigation Report's (PSR) factual recitation of an arrest, where a charge was dismissed for lack of sufficient evidence, means the factual recitation lacks sufficient indicia of reliability, such that it is plain error for a court to consider it at sentencing. He also fails to acknowledge that "[i]t is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge". *United States v. Fuentes*, 775 F.3d 213, 219 (5th Cir. 2014) (internal quotation marks omitted). In other words, he has not shown the requisite clear or obvious error. *See United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

Moreover, a within-advisory-Guidelines sentence, such as Francisco's, is entitled to a presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* Here, after weighing the 18 U.S.C. § 3553(a) factors, and considering Francisco's mitigating contentions, the court determined a mid-range sentence was appropriate. Because he has failed to demonstrate that, by considering the factual recitation in the PSR, the court improperly considered and gave significant weight to an improper factor, he again fails, concerning the presumption of reasonableness, to show the requisite clear or obvious error. *See id.*

AFFIRMED.

3