# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-40097
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REGINALD EDWARD GREEN,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CR-18-1

———————

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Reginald Edward Green challenges his jury-trial conviction for, as an inmate, forcibly resisting a federal officer engaged in the performance of his official duties, in violation of 18 U.S.C. § 111(a). Green asserts the district court abused its discretion in admitting into evidence "Government's Exhibit 3", a photograph of Green in the prison medical center shortly after the

———————

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40097

incident.  Green objected to the exhibit's admission at trial under both Federal Rules of Evidence 401 and 403; he addresses only Rule 403 on appeal.

Rule 403 provides:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence".  Fed. R. Evid. 403.  Green's overruled district-court objection was based solely on "the fact that the defendant [was] photographed in handcuffs [was] prejudicial and it outweigh[ed] the probative value".  Green does not address this specific issue on appeal.  He has, therefore, abandoned it for failure to brief.  *E.g.*, *Frank v. Garner*, 95 F.3d 54, 54 (5th Cir. 1996) (per curiam) (unpublished) (citation omitted).

Instead, Green presents two new contentions on appeal: (1) the exhibit's admission was more prejudicial than probative, in violation of due process; and (2) the court erred in not providing a limiting instruction.  Because these objections were not preserved in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  (Our court does not consider Green's contention, raised for the first time in his reply brief, that the court abused its discretion in admitting Government's Exhibit 3 because it contains various notations and prejudicial indicia.  *See, e.g.*, *CenturyTel of Chatham, LLC v. Sprint Commc'ns Co.*, 861 F.3d 566, 573 (5th Cir. 2017) (citation omitted) (Generally, "this court will not consider issues raised for the first time in a reply brief".), *cert. denied*, 138 S. Ct. 669 (2018).  Green does not present an exception to this rule.)

Under the plain-error standard, Green must show a forfeited plain error (clear or obvious, rather than subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he

makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Regarding his due-process contention, Green cites only *Holbrook v. Flynn*, 475 U.S. 560 (1986), and *Estelle v. Williams*, 425 U.S. 501 (1976). These cases concern constitutional implications of "compel[ling] an accused to stand trial before a jury while dressed in identifiable prison clothes", *Estelle*, 425 U.S. at 512, and "the conspicuous, or at least noticeable, deployment of security personnel in a courtroom during trial", *Holbrook*, 475 U.S. at 568. They do not compel error in the court's admitting the challenged photograph. Consequently, Green has not shown the requisite plain (clear or obvious) error. *See United States v. Francisco*, 644 F. App'x 358, 359 (5th Cir. 2016) (per curiam) (citation omitted).

As for a limiting instruction, Green cites only *Wright v. Texas*, in which our court concluded that, in the context of "handcuffing a defendant being transported to and from the courtroom", "[t]he inadvertent view by a juror of the defendant in such a situation cannot be said to be so inherently prejudicial as to be incapable of correction [via a limiting instruction] had the defendant made a timely objection". 533 F.2d 185, 188 (5th Cir. 1976). Green's reliance on *Wright* is, therefore, also inapposite. Consequently, he has again failed to show the requisite plain (clear or obvious) error. *See Francisco*, 644 F. App'x at 359 (citation omitted).

AFFIRMED.

Judge Engelhardt concurs in the judgment only.